# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| AMY NEWSOME, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:19-cv-01167-DCN |
| vs. ) | |
| ) | **ORDER** |
| GCA SERVICES GROUP, INC. and ABM ) | |
| INDUSTRY GROUPS, LLC d/b/a ABM ) | |
| INDUSTRIES INCORPORATED, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

The following matter is before the court on defendants GCA Services Group, Inc. ("GCA") and ABM Industry Groups, LLC's ("ABM") (collectively, "defendants") motion for summary judgment, ECF No. 26. For the reasons set forth below, the court denies the motion.

## I. BACKGROUND

This premises liability action arises from plaintiff Amy Newsome's ("Newsome") alleged slip-and-fall at Pepperhill Elementary School ("Pepperhill") in North Charleston, South Carolina. Defendants are contractors hired by the Charleston County School District to provide custodial and janitorial services in the district, including cleaning and janitorial services at Pepperhill. On March 15, 2016, Newsome, a teacher at Pepperhill at the time, was walking down the hallway towards the exit when she allegedly slipped on a wet substance and fell to the floor, landing on her hip and backside. Newsome alleges the wet substance was water or cleaning fluid left on the floor by defendants in the performance of their janitorial duties and that defendants did not properly warn her of the condition of the floors.

1

Newsome filed the instant action against defendants on March 14, 2019, alleging negligence, gross negligence, and recklessness in the performance of their duties. ECF No. 1-1, Compl. On January 20, 2021, defendants filed a motion for summary judgment. ECF No. 26. On February 3, 2021, Newsome responded, ECF No. 27, and, on February 10, 2021, defendants replied, ECF No. 28. As such, this motion has been fully briefed and is now ripe for review.

## II.  STANDARD

Summary judgment shall be granted if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Id. at 248. "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. "[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id. at 249. The court should view the evidence in the light most favorable to the non-moving party and draw all inferences in its favor. Id. at 255.

## III. DISCUSSION

Defendants argue that they are entitled to summary judgment for two reasons. First, there is no genuine issue of material fact as to whether a dangerous or defective condition existed in the Pepperhill hallway at the time of Newsome's fall. Second, and alternatively, defendants sufficiently warned Newsome of any such condition.

Because this matter arises out of an accident that occurred in South Carolina, South Carolina law provides the substantive rules of decision in this diversity jurisdiction case. Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938). In order to prevail on a negligence claim in South Carolina, a plaintiff must establish that (1) the defendant owed the plaintiff a duty of care; (2) the defendant breached the duty; (3) the breach was an actual or proximate cause of the plaintiff's injury; and (4) the breach resulted in injury to the plaintiff. Madison v. Babcock Ctr., Inc., 638 S.E.2d 650, 656 (S.C. 2006). "Whether the law recognizes a particular duty is an issue of law to be determined by the court." Jackson v. Swordfish Inv., L.L.C., 620 S.E.2d 54, 56 (S.C. 2005).

In a premises liability case, "a contractor generally equates to an invitor and assumes the same duties that the landowner has, including the duty to warn of dangers or defects known to him but unknown to others." Id. (citing Larimore v. Carolina Power & Light, 531 S.E.2d 535, 540 (S.C. Ct. App. 2000). Moreover, a cleaning company has a duty to leave the premises in a safe condition. See Durkin v. Hansen, 437 S.E.2d 550, 552 (S.C. Ct. App. 1993) (finding that a landlord could be held liable for a cleaning company's breach and, by implication, that the cleaning company had duty to leave condominium in safe condition). As such, a plaintiff may prove a cleaning company's negligence by "show[ing] either (1) that the injury was caused by a specific act of the

3

[defendant] which created the dangerous condition; or (2) that the [defendant] had actual or constructive knowledge of the dangerous condition and failed to remedy it." Anderson v. Racetrac Petroleum, Inc., 371 S.E.2d 530, 531 (S.C. 1988) (per curium).

Defendants first argue that they are entitled to summary judgment because Newsome "failed to articulate any evidence [] that any alleged dangerous or defective condition existed." ECF No. 26-1 at 6. Specifically, defendants complain that Newsome "is unable to affirmatively state the cause of her fall." Id. at 7; see ECF 26-2, Newsome Depo. 25:12–13 (stating that she slipped on "something"); 30:4–6 (stating that she did not see any puddles or wet spots on the floor or otherwise notice the condition of the floor). In response, Newsome argues that she presented circumstantial evidence of the dangerous condition sufficient to survive summary judgment, namely that "[d]efendants had the cleaning contract with the School District, [d]efendants cleaned the floor in the hallway, [d]efendants placed and left cleaning substances on the floors during the course of their work, [Newsome] did not see any warning signs, and that [Newsome] fell on the cleaning substances." ECF No. 27 at 6. Newsome also points to the affidavit of a GCA employee, Thaddeus Codrey ("Codrey"),[1] as evidence that a dangerous condition existed. In his affidavit, Codrey states that he was scrubbing the hallway floors on the day of Newsome's fall and placed "caution wet floor" signs in the hallway. ECF No. 26-2 at ¶¶ 3–4.

---

[1] Newsome alleges that ABM acquired GCA in 2017 and is a successor in interest and liability to GCA. As such, the court construes evidence related to Codrey's cleaning of the floors and placement of warning signs as relevant to both ABM and GCA's liability.

4

The court finds that a genuine issue of material fact exists as to whether the floors were indeed "wet," such that they presented a dangerous condition. As defendants correctly observe, "[i]t is elementary that negligence may be established by circumstantial evidence." Barnwell v. Elliott, 80 S.E.2d 748, 750 (1954). The circumstantial evidence in this case sufficiently counters any deficiency in Newsome's testimony regarding the condition of the floor when she slipped. Most significantly, Codrey states in his affidavit that he "us[ed] an autoscrubber machine to scrub the floors" in the hallway at issue on the date in question and placed "caution wet floor" signs in that hallway "so that anyone travelling through the hallway would be aware that the floor [defendants were] scrubbing was wet and he/she would need to use caution." ECF No. 26-2 at ¶¶ 3–5. Codrey's admission that he placed warning signs for individuals to use caution on the wet floors is directly at odds with defendants' contention that the floors were not wet or dangerous. Defendants complain that Codrey never specified that he cleaned the area where Newsome fell "prior to" the alleged fall, as opposed to after her fall. ECF No. 28 at 3. However, in the context of this motion, the court must "view the evidence in the light most favorable to the non-moving party and draw all inferences in its favor." Anderson, 477 U.S. at 247–48. As such, the court finds such clarification unnecessary. A jury could reasonably infer that Codrey cleaned the floors and placed the signs in the hallway prior to Newsome's fall when viewing Codrey's affidavit and Newsome's testimony in the light most favorable to Newsome. For example, Newsome testified that, prior to her fall, she heard the "hum" of the cleaning machine nearby, and, immediately after her fall, she saw Codrey cleaning the hallway floor with a machine. ECF No. 26-1 at 8–9. Overall, a reasonable jury could find that defendants'

autoscrubbing of the floors created a dangerous condition in the hallway and that the condition existed in the hallway prior to Newsome's fall.  As such, defendants' first argument in support of summary judgment fails.

The court likewise finds that a genuine issue of material fact exists as to whether defendants properly warned Newsome of the dangerous condition.  As a second and alternative argument for summary judgment, defendants aver that "the only evidence in the record is that [Newsome] was adequately warned [of the condition of the floor.]" ECF No. 26-1 at 9.  Specifically, defendants argue that Codrey's affidavit swearing that he placed warning signs in the relevant hallway is undisputed.  The court disagrees because there exists conflicting evidence as to whether signs were placed in a manner that might have warned Newsome of the allegedly dangerous condition of the floors.  In her deposition, Newsome testified that she did not recall wet floor signs placed in the hallway where she fell.  Defendants complain that such testimony "merely relies on [Newsome's] self-serving, speculative memory."  ECF No. 26-1 at 10.  The court is unmoved by this argument.  It is for the jury, not this court, to decide whether Newsome's testimony that she did not remember seeing any warning signs is credible.  Morrison v. Nissan Motor Co. Ltd., 601 F.2d 139, 141 (4th Cir. 1979); Cram v. Sun Insurance Office, Ltd., 375 F.2d 670, 674 (4th Cir. 1967) ("Credibility of conflicting testimony is not, on a summary judgment motion, an issue to be decided by the trial judge.").  Based on Newsome's testimony, a reasonable jury could infer that signs were not, in fact, present in the hallway before her fall.  Moreover, a jury could reasonably discredit Codrey's testimony that he placed warning signs in the hallways.  Just as the jury must decide whether Newsome's testimony is self-serving and thus not credible, the jury must make the same credibility

6

assessment with respect to Codrey's testimony. Because of the conflicting evidence, the question of whether defendants properly warned Newsome of the allegedly dangerous condition on the hallway floors is a genuine issue of fact that the law commits to the judgment of the jury. As such, summary judgment is inappropriate, and the court denies the motion.

## IV.   CONCLUSION

For the reasons set forth above, the court **DENIES** the motion for summary judgment.

**AND IT IS SO ORDERED.**

_____
DAVID C. NORTON
UNITED STATES DISTRICT JUDGE

**April 14, 2021**
**Charleston, South Carolina**